NO. 07-02-0158-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 21, 2002

_____

CHARMAINE EVETTE MOORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY CRIMINAL COURT AT LAW NO. 1 OF HARRIS COUNTY;

NO. 1076954; HONORABLE REAGAN C. HELM, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Charmaine Evette Moore has given notice of appeal from a conviction and sentence in cause number 1076954 in the County Criminal Court at Law No. 1 of Harris County, Texas (the trial court). The clerk of this court received and filed the trial court clerk's record on April 15, 2002. The trial court reporter's record was due to be filed no later than April 15, 2002, which time was extended and the reporter's record was due to be filed on May 15, 2002. By letter dated June 5, 2002, the appellate clerk advised the court reporter that no reporter's record had been received and requested the reporter to

file a response to the letter within 10 days of the date of the letter. The reporter has filed neither a response to the appellate clerk's letter nor a reporter's record. The clerk's record in this court reflects no further action by any party to the appeal to prosecute the appeal.

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 37.3(a)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then whether appellant is indigent and is entitled to a free reporter's record and appointment of counsel; (3) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the reporter's record will be timely filed and that the appeal will be diligently pursued. If the trial court determines that counsel should be appointed to represent appellant on appeal, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a reporter's record; and (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the reporter's record. In the absence of a request for extension of time from the trial court, the supplemental clerk's record, reporter's record of the hearing and

2

proceedings pursuant to this order, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than July 31, 2002.

Per Curiam

Do not publish.